United States District Court
District of Massachusetts

FILED 2004 JUL 15
U.S. DISTRICT COURT
DISTRICT OF MASS

No.

Calvin Tate
    Plaintiff,

Vs.

Bernard Brady, Lisa Mitchell,
Carol Lawson, Donna Motta,
and Kathleen Dennehy,
    Defendants.

Civil Action Complaint

## Introduction

This is a Civil Rights Violation Complaint, filed by Calvin Tate, Pro/se., where he alleges the Defendants "Intentionally", "Knowingly" and "Maliciously" conspired to confined him in 23 hour Segregation, Reclassify him to Higher Security, and Impose Institutional Restriction of his Privileges In Violation of Due Process under the 14th Amendment. And subject him to Cruel and Unjust Treatment under the Eighth (8th) Amendment of the Constitution.

Plaintiff claims the Defendants subject him to punitive confinement, actions and inaction, upon a "Expired" Sentence which he was no longer Serving.

The Plaintiff seeks Punitive and Compensatory Damages from the Defendants In their "Individual" and "Personal" capacities.

-1-

## Jurisdiction:

This Court has Jurisdiction pursuant to 42 U.S.C. 1983 and Related Statutes.

## Parties:

1.) The Plaintiff at all Times here-To was a Inmate confined at Old Colony Correctional Center at Bridgewater Mass. (hereafter-called O.C.C.C.)

2. The Defendant Bernard Brady, Is The Superintendent at O.C.C.C.

3. The Defendant Lisa Mitchell, Is The Deputy Superintendent of Classification at OCCC

4. The Defendant Donna Motta, Is The Unit Counslor for Inmate In Segregation at OCCC.

5. The Defendant Carol Lawson, Is The Director of Classification at OCCC

6. The Defendant Kathleen Dennehy, Is The Commissioner of The Department of Correction for The Commonwealth of Massachusetts.

## Statement of facts

On February 5, 2004, while Serving a Sentence under Court Mittimus No.# W-39279, Plaintiff was placed In The Segregation Unit As A Result of Receiving a Disciplinary Report. Plaintiff subsequently Received Several Additional Disciplinary Reports While confined pursuant To 103 CMR 430.00, In Which Disciplinary Sanctions of Loss of Visits, Phone, Canteen And Isolation was

Imposed."

On April 27, 2004, The Defendant Donna Motta at the Direction of Defendant Carol Lawson, Recommended The Plaintiff be Re-Classified To Shirely Maximum Security SBCC. As a Result of Accumulation of D-Reports Received Under Sentence W-39279.

On May 5, 2004, Defendant Lisa Mitchell "Signed-Off" on The Recommendation In Accordance with The Regulatory Time period, allegilly sending her Decision To Central Classification Division For Their Final Decision.

On May 19, 2004 While still In Segregation, the Sentence Under W-39279 Expired. Plaintiff was Served a Parole Warrant To be executed on a Seperate Matter.

On or about May 20, 2004 Plaintiff was Re-Booked on A New Sentence # C-47772, (Concord Sentence) and Given a New Identification Card, verifying The Change In Status and Mittimus of Confinement.

Plaintiff submitted written Notice and Notification To "all" The Defendants That he was To be Transferred From Segregation To MCI Concord, and That all Disciplinary Sanctions Under his Expired Sentence along with Reclassification Process was VOID UNDER his New Sentence and New Mittimus C-47772.

The Defendants Carol Lawson, Lisa Mitchell and Donna Motta, Informed The Plaintiff, he would Not be Transferred, he would Remain In Segregation, and all Sanctions Under "W-39279, would be Carried Over To his New Sentence # C-47772 which was Implemented

Plaintiff Remained in Segregation with Disciplinary Sanctions Imposed upon Mittimus Number C-47772.

Plaintiff had also submitted Written Complaint To Defendants Brady and Dennehy who Took No action. Plaintiff also contacted The Attorney General's office of Same.

From May 19, 2004, upto June 28, 2004, The Disciplinary Sanctions under W-39279 were Inforced on Mittimus C-47772. At which Time They were Removed From the Plaintiff's Record and Defendants "Inmate Sanction List". 2. Plaintiff was Informed by staff all sanctions Are Removed, because Plaintiff Did Not Receive Any D-Reports under his Present Sentence C-47772.

Plaintiff states Although he has been Re-Classified Since April 27, 2004, Central Division has not Signed off upto May 2004. Plaintiff claims he had been In Segregation and Classified well before several other Inmates, However several Inmates have been Transferred and Signed off before him.

Plaintiff alleges "Discrimination" and "Retaliation" by Prison Official Not To Process his Status, Using Segregation and Prolong Confinement as a Unlawful Tool For Punishment, under The Pretext of Classification Process.

Plaintiff states As of May 19, 2004 he has Not

---

2. The Defendants Inmate Sanction list suspended visits upto 7/13/04, Canteen 7/13/04, and lost of Phone 30 Days; loss of Canteen 180 Days (Report # 33703 #3445, 32167

Received any D-Report or Institutional Violation under his lawful mittimus C-47772, Which would have lawfully required he be confined In Segregation, nor had he been Reclassified under C-47772.

Plaintiff claims any Reclassification To Higher Security from Old Colony Level 5 facility while serving C-47772, that was based on his old sentence W-39279 was Illegal and Unlawful.

## Legal Claims

I. Unlawful Segregation Under Mittimus Number C-4777 - Due Process and Equal Protection - Cruel Treatment

Plaintiff's Initial Segregation was Clearly based upon Reports Received While Serving Sentence under Mittimus W39279, As was the Classification Recommendations. Unlike an Aggregated Prison Sentence, or From and After that could be Linked Together. Plaintiff was Recommitted upon a Parole Warrant Execution Which had a Seperate Identity This fact even Realised by the Defendants at OCCC Which Required The Plaintiff Be "Re-Booked", Receive a "New Identification Card", and a "New Mittimus" of Commitment Number C-47772.

On May 19, 2004, The Defendants were obligated To Transfer The Plaintiff To the lawful Execution of Said Parole Warrant Sentence and facility, or Release Plaintiff upon a Reclassification pursuant To C-47772. Confining Plaintiff In 23 Hour Segregation without any Violations under his Lawful Mittimus. Costitutes Unlawful and Illegal Segregation Without Due Process of Law and Cruel and Unusual

a. <u>Substantive Due Process Violation</u>

It is undisputed that the Defendants unlawfully without Due Process, subjected the Plaintiff and his family to Illegal Sanctions by Applying Sanctions that were Impose upon an Expirered Sentence. The Record Reflects From May 19, 2004 upto the Point the Sanctions were Removed June 28, 2004, the Plaintiff had Received no D-Reports or Institutional Rule Violations while Committed under Mittimus No. C-47772.

Due Process of Law Requires the Plaintiffs Privileges or Rights, may not be "Arbitrarily" or "Capreicously" Infringed upon without Due Process of Law. The fact the Defendants had Seeced Depriving Plaintiff visits, canteen, Phone lost some 40 Days later. Does not Take Away from the Injury Impose or Irreparable Harm Emotionally and mentally. The Defendants action to stop the Illegal Deprivation, only Acts as a Admission of Guilt and Violation of Plaintiffs Rights.

II. <u>Unlawful Reclassification To Higher Security or Reclassification Under W39279 After May 19, 2004 Is Violative of Due Process of law</u>

As Stated Above the Initial Reclassification Process was upon W-39279, a Sentence and Mittimus That had Expired on May 19, 2004. There is a Deference in Plaintiff Sentence Structure and Status under Mittimus #C-47772. Under Plaintiff's Present Sentence he had only 10 months To Serve at the Time of this filing Classification under his Lawful Mittimus would not

provided a Recommendation to a Level 6 High Maximum Security Facility. Not only did the Plaintiff have no D-Reports under C-47772. But was ~~[redacted]~~ Elligible for lower Security 4 or Pre-Release with the Time Remaining.

The Defendants Lawson, Mitchell, Brady and Motta "Conspired" to Deprive plaintiff Classification under his Lawful Mittimus After May 19, 2004. Because They had already "Conspired" to Transfer the Plaintiff to Shirley Maximum, A Process Which Relives the "Father Gagon" Classification based on Individul Desires of a Individual, Rather Thier Sentence Structure.

### Relief Requested

Plaintiff Seeks the following Damages from the Defendants:

1. Punitive Damages In the Amount of $10,000.00 Dollars from Defendants Lawson, Mitchell, Dennehy and Brady for holding the Plaintiff In Segregation After May 19, 2004 Unlawfully under Mittimus C-47772, And Each of Them.

2. Punitive Damages And Compensatory Damages from from Defendants Lawson, Mitchell, Dennehy and Brady In the Amount of $1,000.00 Each Day Plaintiff's Peivileges were Denied or Restricted from May 19, 2004 upto June 26, 2004 under Mittimus C-47772, For Sanction Imposed on Expired Sentence W-39279. And Each of Them.

3. Punitive and Compensatory Damage In The Amount of $150,000.00 from all Defendants collectively, or as This Court sees fit. For Classifying and Transferring Plaintiff to Any Facility based on Mittimus #W39279 Infractions, where he was Serving Mittimus # C-47772 And Transferred without a